{¶ 2} I respectfully dissent from the majority opinion and hereby write to affirm the trial court's decision to dismiss the charge of domestic violence against Randall Voies ("Voies"). I find that Ohio's domestic violence statute and Article XV, Section 11 of the Ohio Constitution are irreconcilable, thereby rendering R.C. 2919.25 unconstitutional as applied to unmarried cohabitants.
 {¶ 3} In its second sentence, Article XV, Section 11 forbids Ohio and its subdivisions from creating or recognizing any "legal status" that "intends to approximate the design, qualities, significance or effect of marriage." State v. Burk, Cuyahoga App. No. 86162 2005-Ohio-6727. However, I find that Ohio's domestic violence statute, R.C. 2919.25, grants legal status to unmarried cohabitants that approximates "the design, qualities, significance or effect of marriage."
 {¶ 4} Cohabiting between unmarried individuals, which includes familial and financial responsibilities as well as consortium, "approximates the design, qualities, significance or effect of marriage." Cohabiting with another creates a relationship that grants legal status to unmarried cohabitants, a relationship Article XV, Section 11 expressly prohibits. The State of Ohio cannot prohibit recognizing any "legal status" that "approximates the design of marriage" while at the same time retain the ability to create a special status for the purposes of a domestic violence prosecution.
 {¶ 5} Based on this dichotomy of logic, I find that Article XV, Section 11 and R.C. 2919.25 are incompatible.